UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MIA TUCKER,

     Plaintiff,

                                Case No. 1:26-cv-443

v.

                                Hon. Hala Y. Jarbou

KEVIN MCCLANAHAN,

     Defendant.

_____/

## **OPINION**

Plaintiff Mia Tucker, proceeding pro se, filed a four-paragraph complaint containing one allegation of fact.  She alleges, without further elaboration, that "Defendant, in numerous occasions, had ex parte communication."  (Compl., ECF No. 1, PageID.1.)

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (internal citations omitted).  Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014).  In this regard, the Federal Rules of Civil Procedure provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence

of a challenge from any party.").  Here, Plaintiff provides no basis for invoking this Court's subject matter jurisdiction.

In addition, because Plaintiff is proceeding *in forma pauperis*, the Court can dismiss the action if it is "frivolous" or if it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  To pass this initial screening, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Plaintiff's allegations fail to state a viable claim.  Accordingly, the Court will dismiss the case.

A judgment will enter in accordance with this Opinion.

Dated: February 23, 2026                              /s/ Hala Y. Jarbou
                                                      HALA Y. JARBOU
                                                      CHIEF UNITED STATES DISTRICT JUDGE